UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

LETA WALTERS,

       Plaintiff,                              Case No. 1:14-CV-1051

v.                                                     HON. GORDON J. QUIST

MIROSLAW RATAJCZYK and
OPEN ROAD TRUCK & TRAILER
LEASING, LLC,

       Defendants.
_____/

## OPINION

This case arises from a car accident that occurred in Tennessee on January 18, 2013. Plaintiff, Leta Walters, was a resident of Idaho at the time of the accident, and Defendants, Miroslaw Ratajczyk and Open Road Truck & Trailer Leasing, LLC (Open Road), were residents of Michigan. The parties agree that under Michigan's borrowing statute, Tennessee's one-year statute of limitations applies to this action. Defendants have moved to dismiss the action as time-barred because it was filed outside that one-year period. Walters argues that Defendants are estopped from asserting a statute of limitations defense because their insurance company engaged in negotiations with Walters. For the following reasons, the Court concludes that the action is time-barred.

**Background**

On January 18, 2013, while driving a truck owned by Open Road, Ratajczyk hit the vehicle in which Walters was a passenger. Shortly thereafter, Walters hired a Utah attorney, Jonathan Nash, to represent her. (Dkt. #7-2 at Page ID#43.) From that point until November 2014, Nash engaged in communications with Defendants' insurer. (*Id.* at Page ID##43-44, 54.) Nash communicated

with claims adjustor Thomas Still until July 2013, when the file was reassigned to claims adjustor Tammy Lambas. (*Id.* at Page ID##43-44, 54; Dkt. #8-2 at Page ID#72.)

On August 5, 2013, Lambas sent Nash a letter requesting Walters's medical information. (Dkt. #8-2 at Page ID#72.) Lambas did not receive a response, and resent the letter on October 11, 2013. (*Id.*) Lambas received a confirmation that the letter had been received, but no other response. (*Id.*) After that, Lambas had no contact with Nash until February 2014—after the one-year anniversary of the accident. (*Id.*)

On February 13, 2014, Lambas called Nash's assistant to inquire when Walters would make a demand. (*Id.*) On February 20, 2014, Lambas sent Nash an email requesting a copy of the summons and complaint that she "assume[d] were filed per the one year TN statute of limitations." (Dkt. #7-2 at Page ID#47.) Nash responded that, due to "the ongoing and future treatment needs of Ms. Walters as well as the significant monetary amount of her damages," Walters intended to file an action in Michigan, "which has a three (3) year statute of limitations for personal injury cases." (*Id.* at Page ID#48.) Lambas responded that she never assumed that a lawsuit had been filed, that she was aware that Walters had choices for venue, and that she had discussed the matter with Michigan counsel. (*Id.*) She further stated that she would await Walters's demand materials. (*Id.*)

On April 3, 2014, Nash sent Lambas a demand letter seeking a $1 million settlement. (Dkt. #8-2 at Page ID#72.) Lambas subsequently told Nash that she did not have sufficient information to offer a settlement, pointing out that she had received no documentation to support Walters's claim for loss of earnings capacity. (*Id.* at Page ID ##72-73; Dkt. #7-2 at Page ID#49-51.) Lambas also mentioned that she was "not convinced of [Nash's] choice of law or venue." (Dkt. #7-2 at Page ID#49.)

On September 23, 2014, Lambas extended to Nash an offer of $75,000 to settle Walters's claim. (Dkt. #8-2 at Page ID#72.) On October 8, 2014, Walters filed a complaint in the instant

action. (Dkt. #1.) On November 10, 2014, Nash inquired about the offer, and Lambas responded that Walters rejected the offer by filing the instant suit. (Dkt. #7-2 at Page ID#54.)

## Discussion

Defendants argue that Walters's claim is governed by Tennessee's one-year statute of limitations, and that it is therefore time-barred. Walters does not dispute that the action is governed by the one-year statute of limitations, but argues that Defendants are estopped from asserting a defense based on the statue of limitations because they engaged in continuous negotiations with Walters before and after the one-year period had run. Walters contends that the negotiations included representations concerning whether Michigan's or Tennessee's statute of limitations applied, and that Defendants induced Walters into believing that they would work toward a settlement even after one year had passed.

Michigan recognizes the doctrine of equitable estoppel as an exception to the general rule that statutes of limitation run uninterrupted. *Cincinnati Ins. Co. v. Citizens Ins. Co.*, 454 Mich. 263, 270, 562 N.W.2d 648, 651 (1997) (per curiam). The doctrine is essentially one of waiver that precludes a defendant from raising a statute of limitations defense. *Id.* As the Michigan Supreme Court explained:

> One who seeks to invoke the doctrine generally must establish that there has been (1) a false representation or concealment of a material fact; (2) an expectation that the other party will rely on the misconduct; and (3) knowledge of the actual facts on the part of the representing or concealing party. This Court has been reluctant to recognize an estoppel absent intentional *or negligent* conduct designed to induce a plaintiff to refrain from bringing a timely action. Negotiations intended to forestall bringing an action have been considered an inducement sufficient to invoke the doctrine, however.

*Id.* (internal citations omitted).

The estoppel doctrine was applied to negotiations by the Michigan Supreme Court in *Friedberg v. Insurance Company of North America*, 257 Mich. 291, 241 N.W. 183 (1932). In that case, the defendant engaged in negotiations until shortly before the limitations period had expired.

3

*Id.* at 293, 241 N.W. at 184. The court explained that the negotiations were "clearly of a character to induce the plaintiff to abstain from suit," and thus operated as a waiver of the statute of limitations defense. *Id.* As the Michigan Court of Appeals has explained, *Friedberg* stands for the proposition that "[i]f an insurer, through negotiations or dilatory tactics, induced an insured to forego bringing suit under an insurance policy until after its limitations period has expired, the insurer will be held to have waived the limitations defense." *Better Valu Homes, Inc. v. Preferred Mut. Ins. Co.*, 60 Mich. App. 315, 318, 230 N.W.2d 412, 413 (1975).

Michigan courts have applied the doctrine of estoppel in cases where a defendant induced a plaintiff to hold off on filing suit by making assurances that a claim would be settled. In *Cincinnati Insurance*, for example, the court applied the estoppel doctrine because the record contained "ample evidence" that the plaintiff justifiably relied on the defendant's representation that the plaintiff's claim would be processed without difficulty. *Cincinnati Ins.*, 454 Mich. at 272, 562 N.W.2d at 652. Courts have refused to apply the doctrine, however, in the absence of evidence that a defendant intended to forestall a lawsuit. *See Goethals v. Farm Bureau Ins.*, No. 242422, 2004 WL 2754675, at *3 (Mich. Ct. App. Dec. 2, 2004) (per curiam). In *Goethals*, the court held that a settlement offer made by the defendant six months before the limitations period was set to expire did not constitute a promise to waive the limitations period or evidence an intent to forestall a lawsuit. *Id.*

The Michigan Court of Appeals addressed a situation similar to that at issue in this case in *Department of Transportation v. Landstar Ligon, Inc.*, No. 250744, 2004 WL 1752983 (Mich. Ct. App. Aug. 5, 2004) (per curiam). In that case, the parties had begun negotiations shortly before the statute of limitations was set to expire, and continued those negotiations until several months after the limitations period had run. *Id.* at *1. The court rejected the plaintiff's argument that the defendant had waived its limitations defense, explaining that the plaintiff failed to file a timely

4

complaint because it did not promptly complete documents necessary to submit a claim, and not because the defendant had made any promises. "Because [the defendant's] actions did not amount to negotiation promises intended to forestall the filing of plaintiff's complaint," the court concluded, the estoppel doctrine did not apply. *Id.* at *2.

In this case, there is no evidence that Defendants engaged in negotiations in an attempt to forestall Walters from filing suit. In fact, there is no evidence that Defendants engaged in any settlement negotiations at all during the sixth months that preceded the expiration of the limitations period. Rather, it appears that Defendants requested information from Nash to support Walters's claim, and that Nash failed to respond to those requests. In fact, Nash did not even make a settlement demand until after the limitations period had expired.

Nash's own words contradict Walters's argument that she delayed filing suit because she was relying on negotiation promises from Defendants. Nash told Lambas that Walters had not filed suit within a year of the accident because she intended to file in Michigan to take advantage of the three-year statute of limitations due to her "ongoing and future treatment needs." Nash's statement demonstrates that Walters delayed filing suit not because Defendants induced her to do so, but because she and Nash made a tactical decision based on a misunderstanding of the relevant law.

Finally, Walters argues that Defendants should be estopped from asserting a statute of limitations defense because they made representations concerning whether Michigan's or Tennessee's statute of limitations applied. As an initial matter, the only statements in the record regarding statute of limitations issues occurred after the one-year limitations period had expired. Thus, those statements could not have induced Walters's actions before the expiration of the limitations period. Moreover, Lambas's statements regarding statute of limitations issues were simply a response to Nash's statement that Michigan's three-year limitations period applied. Defendants never conceded that Michigan's law applied, and even raised questions about Nash's

5

assertion. Defendants were not obligated to correct Nash's misunderstanding of the law, nor were they required to invite Walters to sue.

Walters filed the instant lawsuit after the relevant statute of limitations expired. She did this not because Defendants induced her to do so, but because she misunderstood the law. Accordingly, Defendants are not estopped from asserting a successful defense based on the statute of limitations.

**Conclusion**

The Court concludes that Walters's claims are time-barred and must be dismissed. An order consistent with this opinion shall issue.


Dated: February 20, 2015                            /s/ Gordon J. Quist
                                                   GORDON J. QUIST
                                             UNITED STATES DISTRICT JUDGE